**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

IRIS DAVIS,

                Plaintiff,

vs.                                                         Case No. 8:11-cv-711-T-JRK

MICHAEL J. ASTRUE, Commissioner of
the Social Security Administration,

                Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I. Status**

Iris Davis ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of "mental illness, knee problems, obesity, asthma, and high blood pressure." See Transcript of Administrative Proceedings (Doc. No. 17; "Tr."), filed July 20, 2011, at 54. On September 12, 2007, Plaintiff filed an application for SSI, alleging an onset date of January 5, 2007. Tr. at 117-19. Plaintiff's application was denied initially, see Tr. at 69-70, and was denied upon reconsideration, see Tr. at 75-76.

On October 5, 2009, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff and a vocational expert ("VE") testified. Tr. at 26-52. At the time of the hearing, Plaintiff was thirty-eight (38) years old. Tr. at 30. The ALJ issued a Decision on December 8, 2009, finding Plaintiff not disabled through the date of the Decision. Tr. at 12-19. On

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed June 20, 2011; Reference Order (Doc. No. 14), entered June 27, 2011.

February 11, 2011, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On April 4, 2011, Plaintiff commenced this action under 42 U.S.C. § 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises two issues on appeal. See Memorandum in Opposition to the Commissioner's Decision (Doc. No. 21; "Pl.'s Mem."), filed August 5, 2011. Plaintiff summarizes the issues as follows: (1) "[t]he ALJ's failure to find that the Plaintiff must elevate her legs is not supported by substantial evidence"; and (2) "[t]he ALJ relied on responses to a hypothetical question which did not include all of the Plaintiff's limitations." Pl.'s Mem. at 2. Defendant, responding, contends that the record does not support Plaintiff's alleged need to elevate her legs and the ALJ presented a hypothetical to the VE that included all of Plaintiff's impairments. See Memorandum in Support of the Commissioner's Decision (Doc. No. 22; "Def.'s Mem."), filed October 4, 2011, at 4-14. After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.

## II. The ALJ's Decision

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 14-19. At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since September 12, 2007, the application date." Tr. at 14 (emphasis and citation omitted). At step two, the ALJ found Plaintiff suffers from "the following severe impairments: mental impairments variously diagnosed as bipolar disorder, depression, schizoaffective disorder and schizophrenia; obesity; and hypertension." Tr. at 14 (emphasis and citation omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 15 (emphasis and citation omitted).

The ALJ determined Plaintiff "does not have the residual functional capacity [("RFC")] to perform the full range of light work as defined in 20 CFR [§] 416.967(b)." Tr. at 15 (emphasis omitted). Plaintiff "is able to understand, remember, and carry out simple instructions only and able to maintain attention and concentration for two hour segments. She is able to perform work with occasional interaction with co-workers and the public and frequent interaction with supervisors." Tr. at 15 (emphasis omitted). At step four, the ALJ recognized that Plaintiff "has no past relevant work." Tr. at 18 (emphasis and citation

omitted). Finally, at step five, after "[c]onsidering [ Plaintiff's] age, education, work experience, and [RFC]," the ALJ determined "there are jobs that exist in significant numbers in the national economy that [ Plaintiff] can perform," including "basket filler," "potato chip sorter," and "machine egg washer." Tr. at 18 (emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . since September 12, 2007, the date the application was filed." Tr. at 19 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial

evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As noted above, Plaintiff presents two (2) issues for the Court's consideration. Each is discussed in turn.

### A. Severity of Impairment and Elevation of Legs

Plaintiff contends that "the ALJ should have found that [ Plaintiff's] lower extremity edema constituted a severe impairment and should have found that she needed to elevate her legs periodically." Pl.'s Mem. at 7. In support of her argument, Plaintiff cites to her testimony at the hearing and to medical records from the years 2004, 2007, and 2009 that show edema was present in Plaintiff's lower extremities. Id. at 7-8 (citing Tr. at 39-40, 251, 253, 256, 263, 397, 558).

At step two of the sequential evaluation process, an ALJ must determine if a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).

The ALJ expressly considered Plaintiff's lower extremity edema at step two. Tr. at 14. The ALJ recognized Plaintiff's testimony that "she must elevate her legs at least twice per

day due to swelling and broken blood vessels." Tr. at 14.  But, the ALJ found that Plaintiff's edema has "not resulted in any significant limitation in [Plaintiff's] ability to do basic work activities"; therefore, the ALJ concluded the impairment was nonsevere.  Tr. at 14.  In reaching that conclusion, the ALJ reasoned that "there is no objective evidence to support [Plaintiff's] allegations of a need to elevate her legs on a near constant basis.  There are no examination findings which support functional limitations based on . . . pain and swelling in [ Plaintiff's] bilateral lower extremities."  Tr. at 14.

Upon review, the undersigned concludes that the ALJ's finding is supported by substantial evidence.  Although there are treatment notes scattered throughout the record noting positive findings of edema and/or swelling in Plaintiff's extremities, see, e.g., Tr. at 251 (dated Jan. 8, 2005), 253 (dated Dec. 6, 2004), 256 (dated Nov. 8, 2004), 263 (dated July 21, 2004), 305 (dated Nov. 6, 2006), 396-97 (dated Oct. 3, 2007)[3], 410 (Nov. 27, 2007), 412 (dated Oct. 30, 2007), 508 (dated July 10, 2008), 510 (dated May 7, 2008), 512 (dated Mar. 27, 2008), 516 (dated Jan. 3, 2008), 524 (dated Dec. 17, 2008), 558 (dated May 6, 2009), there are also notes that reflect no edema and/or swelling present, see Tr. at 514 (dated Jan. 14, 2008), 550 (dated Aug. 14, 2009), 553 (July 25, 2009).  Out of all the medical evidence in the record, which spans a period of several years, only one (1) treatment note suggests any limitations due to Plaintiff's lower extremity edema.  Tr. at 397.  That treatment note, signed by Viva N. Casler, ARNP and dated October 3, 2007, merely says "elevate feet."  Tr. at 397.  Ms. Casler, who according to the Regulations is considered an "other source," 20 C.F.R. § 416.931(d), did not indicate how long or how often Plaintiff should

---

[3]   Duplicate found at Tr. at 414-15.

elevate her feet. This one-time indication that Plaintiff must elevate her feet, without any specific directives or other support, does not render the ALJ's Decision erroneous. The ALJ's determination that Plaintiff's edema is nonsevere, resulting in no functional limitations, is supported by substantial evidence.

Plaintiff states that "[t]he ALJ did not mention the . . . medical record[s]" documenting Plaintiff's edema, and "[p]erhaps this was an oversight." Pl.'s Mem. at 8. Although the ALJ did not explicitly cite to the medical records documenting Plaintiff's edema, the ALJ indicated that he carefully considered "all the evidence," Tr. at 12, and he recognized that the record lacks "examination findings which support functional limitations based on . . . pain or swelling in [ Plaintiff's] bilateral lower extremities," Tr. at 14 (emphasis added). As noted above, this finding is supported by substantial evidence; therefore, Plaintiff's argument is unavailing.

### B. Hypothetical to VE

Plaintiff argues the ALJ erred by presenting a hypothetical to the VE that did not include all of Plaintiff's impairments. Pl.'s Mem. at 9-10. Specifically, Plaintiff asserts that the ALJ's failure "to include limitations as a result of the Plaintiff's need to elevate her legs periodically" constituted error. Id. at 10.

Given the undersigned's findings as to Plaintiff's first issue, this issue is moot. However, even assuming it was error for the ALJ not to include in the RFC any limitations due to Plaintiff's edema, Plaintiff's counsel specifically asked the VE at the hearing whether Plaintiff could perform any of the jobs identified if she needed to elevate her legs "about six to eight inches off the ground approximately 10 minutes out of every hour." Tr. at 47. The VE answered that such limitation would not preclude a person from completing the jobs of

basket filler or potato chip sorter. Tr. at 47. Therefore, even with the limitation of elevating her legs, Plaintiff could still perform two of the three jobs identified by the VE.

## V. Conclusion

After a thorough review of the record, the undersigned is convinced that the Commissioner's final decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on August 30, 2012.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jld
Copies to:
Counsel of Record